# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**EDDIE BLACK,**                                                              **PLAINTIFF**

**V.**                        **NO. 3:06CV92-M-D**

**STATE OF MISSISSIPPI**                                          **DEFENDANT**

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff's claim was dismissed without prejudice on September 25, 2006, for failure to comply with an order of the court and failure to prosecute. This occurred after plaintiff failed to return certain forms within 30 days after being ordered to do so. On October 4, 2006, the court received a letter from Plaintiff stating that he did not comply with the order because he was confused. The court will treat the letter as a motion for relief from judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure.

Since Plaintiff may have a reasonable excuse for failing to comply with a court order, the motion could possibly be well-taken. To do so, however, would be futile and counterproductive in that the case does not state a ground for relief under § 1983.[1]

Even though he is on supervised release, Plaintiff alleges that his sentence for a drug related offense violated unspecified statutes and was, therefore, illegally imposed. Rather than seeking redress from conditions of confinement which is an appropriate § 1983 action, Plaintiff appears to be challenging the length and duration of the sentence imposed.

When a state prisoner brings a § 1983 action, the trial court must ascertain whether a judgment in favor of the plaintiff in the § 1983 action would necessarily imply the invalidity of his conviction or sentence. *Heck v. Humphrey*, 114 S.Ct. 2364, 2372 (1994). If it would, the prisoner must show that his conviction has been " reversed, expunged, invalidated, or impugned by the grant

---

[1] It would also be detrimental to Plaintiff, in that he would still be liable for the filing fee even though his case was dismissed.

of a writ of habeas corpus" in order to state a claim. *Id*. at 2373. If not, dismissal of the § 1983 action is appropriate.

Plaintiff's allegations clearly are covered by *Heck*. Unquestionably, any judgment in favor of Plaintiff would imply the invalidity of his sentence. Just as clearly, his conviction has not been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." As a result, his complaint is legally frivolous under 28 U.S.C. § 1915(d). Any complaint he may have must be pursued by a petition for *habeas corpus*, after the required exhaustion of state remedies. Therefore, Plaintiff's motion is hereby **DENIED.**

**SO ORDERED,** this the 13th day of October, 2006.

            **/s/ Michael P. Mills**
            **UNITED STATES DISTRICT JUDGE**